Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANCE MAYFIELD,** | ) Case No. |
| | ) |
| | ) **COMPLAINT FOR VIOLATION** |
| Plaintiff, | )  **OF FEDERAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |
| vs. | ) **AND ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |
| **PINNACLE RECOVERY, INC.,** | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

## III. PARTIES

3.     Plaintiff, Lance Mayfield ("Plaintiff"), is a natural person residing in Shasta county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.     At all relevant times herein, Defendant, Pinnacle Recovery, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     On or about February 7, 2011, Defendant sent a letter to Plaintiff in attempt to collect an alleged debt.

7. On March 2, 2011, Plaintiff faxed a letter to Defendant in response to the February 7, 2011. Plaintiff disputed the amount of the alleged debt, as he believes the debt in question regards a time share for which the payoff amount is much less than Defendant stated in its letter. Plaintiff requested validation of the alleged debt.

8. On March 8, 2011, Defendant sent a letter to Plaintiff stating that Plaintiff had ample time to dispute the debt. Defendant did not acknowledge that Plaintiff had already disputed.

9. On April 9, 2011, Defendant sent a third letter to Plaintiff stating that the notice would be the last sent to Plaintiff. Defendant further states that 'We expect to be given instruction by our client as to the next step towards enforcing their available rights and remedies.' Defendant implies that legal action will be taken against Plaintiff. Plaintiff's dispute is again ignored.

10. In each letter Defendant sent to Plaintiff, the amount of the alleged debt changes. The alleged debt is increased by $111.00 in each subsequent letter.

11. Defendant's conduct, through its agent, violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

b) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§1692f));

e) After having received a written communication from Plaintiff disputing the debt, continuing to contact Plaintiff without having first having provided validation of the debt (§1692g(b));

f) Overshadowing the disclosures required by 15 USC §1692g(a) during the thirty-day dispute period (§1692g(b));

g) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

h) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal Civ Code §1788.10(f)); and

i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j)).

12. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal

humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct

violated the RFDCPA;

B.    Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Costs and reasonable attorney's fees,

E.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 18th day of July, 2011.

By: s/Todd M. Friedman
    Todd M. Friedman
    Law Offices of Todd M. Friedman, P.C.
    Attorney for Plaintiff